Michael Adams (SBN 185835)
madams@rutan.com
Proud Usacharoenporn (SBN 278204)
pusaha@rutan.com
RUTAN & TUCKER, LLP
611 Anton Boulevard, Fourteenth Floor
Costa Mesa, California 92626-1931
Telephone: 714-641-5100
Facsimile: 714-546-9035

Attorneys for Plaintiff
AMERICAN AUTOMOBILE ASSOCIATION, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

AMERICAN AUTOMOBILE ASSOCIATION, INC., a Connecticut corporation,

Plaintiff,

vs.

BOULEVARD TOWING, an entity of unknown form; CHRISTIAN FONSECA, an individual; and DOES 1 through 10, Inclusive,

Defendants.

CASE NO.

**COMPLAINT FOR:**

1. **FEDERAL SERVICE MARK INFRINGEMENT [15 U.S.C. § 1114(1)(a) AND (b)];**
2. **FALSE DESIGNATION OF ORIGIN [15 U.S.C. § 1125(a)];**
3. **TRADE NAME OR SERVICE MARK DILUTION [15 U.S.C. § 1125(c)(1)]:**
4. **INJURY TO BUSINESS REPUTATION AND DILUTION [CAL. BUS. & PROF. CODE § 14330];**
5. **COMMON LAW UNFAIR COMPETITION AND TRADEMARK INFRINGEMENT**

**DEMAND FOR JURY TRIAL**

Plaintiff American Automobile Association, Inc. (hereinafter "Plaintiff"), for its Complaint against the above-named defendants, alleges as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. section 1338(a) as this action arises under the Lanham Act, 15 U.S.C. sections 1114, 1125(a), and 1125(c)(1), as well as under pendent jurisdiction under 28 U.S.C. section 1367.

2. This Court also has jurisdiction under 28 U.S.C. section 1332 because Plaintiff and defendants are citizens of different states, and the matter in controversy exceeds $75,000, exclusive of interest and costs.

3. Venue is proper in the Central District of California under 28 U.S.C. section 1391(b) and (c) because defendants reside in this judicial district, a substantial part of the events, omissions and acts that are the subject matter of this action occurred within the Central District of California, and defendants are subject to personal jurisdiction and may be found in this district.

## PARTIES

4. Plaintiff is a corporation organized and existing under the laws of the State of Connecticut, located and doing business at 1000 AAA Drive, Heathrow, Florida.

5. On information and belief, defendant Boulevard Towing is an entity of unknown form located at 2925 ½ Brighton Street, Los Angeles, CA 90018.

6. On information and belief, defendant Christian Fonseca is an individual doing business as Boulevard Towing and residing at 2925 ½ Brighton Street, Los Angeles, CA 90018.

7. On information and belief, Plaintiff alleges that each of the defendants named herein as Does 1 through 10, inclusive, performed, participated in, or abetted in some manner, the acts alleged herein, proximately caused the damages alleged below, and are liable to Plaintiff for the damages and relief sought herein.

8. On information and belief, Plaintiff alleges that, in performing the acts

and omissions alleged herein, and at all times relevant hereto, each of the defendants was the agent and employee of each of the other defendants and was at all times acting within the course and scope of such agency and employment with the knowledge and approval of each of the other defendants.

9. The identities of the individuals and entities named as Doe defendants herein are not presently known, but Plaintiff will seek to amend the Complaint to properly identify them when their proper names have been ascertained.

## NATURE OF THE CASE

10. Plaintiff seeks injunctive relief, damages, attorneys' fees, and costs against defendants for service mark infringement under 15 U.S.C. section 1114(1)(a) and (b); false designation of origin and/or sponsorship under 15 U.S.C. section 1125(a); dilution under 15 U.S.C. section 1125(c); injury to business reputation and dilution under California Business and Professions Code section 14330; and common law trademark and trade name infringement, and unfair competition.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

11. Plaintiff is the owner of the famous AAA mark (stylized vehicle striping), U.S. service mark Registration No. 2,693,460, used in connection with emergency road services in International Class 37. A copy of this registration is attached hereto as Exhibit A.

12. Plaintiff, by virtue of the services offered under its AAA mark, is recognized throughout the world as providing emergency road services.

13. At all relevant times hereto, defendants have been and are in the business of providing emergency road services using the AAA mark or a mark confusingly similar to the AAA mark. Defendants use the AAA mark in conducting and promoting their business, including, without limitation, by displaying such mark on emergency road service vehicles.

14. Defendants are not authorized to use the AAA mark in connection with

their goods or services, nor are defendants affiliated with Plaintiff.

## FIRST CLAIM FOR RELIEF

**(Federal Service Mark Infringement – 15 U.S.C. § 1114(1)(a) and (b))**

15. Plaintiff repeats and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 15 above, inclusive, as though fully set forth herein.

16. Plaintiff is the owner of a number of federal trademark and service mark registrations and specifically asserts ownership of the following:

| Registration No. | Mark | Date of Registration |
|---|---|---|
| 2,693,460 | Stylized Vehicle Striping | March 4, 2003 |

17. Plaintiff first used the AAA mark of Registration No. 2,693,460 in connection with emergency road services at least as early as 1997 and has continued and expanded use thereof up to the present. Thus, long before the acts complained of herein, motorists and members of the general consumer population in the United States and across the world have recognized the AAA mark as an exclusive source identifier for emergency road services originating from Plaintiff. The registration for the AAA mark is incontestable under section 15 of the Lanham Act, 15 U.S.C. section 1065, and constitutes conclusive evidence of Plaintiff's exclusive right to use the AAA mark in connection with emergency road services.

18. Plaintiff's registered service mark identified above is valid and subsisting and remains in full force and effect as evidence of the validity thereof and Plaintiff's ownership of the mark in connection with the services specified in the registration.

19. As a result of the long period of use and extensive advertisement and sale of services under the AAA mark, motorists and members of the general consumer population in the United States and across the world recognize the AAA mark as an exclusive source identifier for emergency road services originating from Plaintiff.

20. Defendants' use of the AAA mark in interstate commerce in connection with their goods and services is causing and will continue to cause a likelihood of confusion, mistake, and deception with respect to: (a) the source and origin of the goods and services offered by defendants; (b) the affiliation, connection, and association of Plaintiff with defendants; and (c) Plaintiff's sponsorship, approval, and/or control of the goods and services offered by defendants, all in violation of the Lanham Act, 15 U.S.C. section 1114(1)(a) and (b).

21. On information and belief, defendants are now committing the acts complained of above with full knowledge that their acts are unlawful.

22. Defendants' acts and conduct constitute federal service mark infringement that has caused and, unless restrained and enjoined by this Court, will continue to cause a likelihood of consumer confusion, mistake, and deception.

23. On information and belief, defendants' acts of service mark infringement in violation of the Lanham Act have caused financial injury and damages to Plaintiff and have been willful, making this an exceptional case within the meaning of the Lanham Act, 15 U.S.C. section 1117, thereby entitling Plaintiff to damages, attorneys' fees, and costs.

24. Plaintiff is entitled to damages as a result of defendants' actions and conduct and, because such damages alone do not provide Plaintiff with an adequate remedy at law, Plaintiff is also entitled to injunctive relief.

## SECOND CLAIM FOR RELIEF

**(Unfair Competition by False Designation of Origin – 15 U.S.C. § 1125(a))**

25. Plaintiff repeats and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 24 above, inclusive, as though fully set forth herein.

26. Defendants, either independently or through collaboration with one another, are using the AAA mark in connection with their goods and services.

27. On information and belief, defendants use the AAA mark in commerce,

which use has been done with the deliberate intent of capitalizing and trading on the good will and reputation of P0laintiff.

28. The use in commerce of the AAA mark by defendants will tend to cause and, on information and belief, has caused the relevant public and trade to believe erroneously that defendants' services are associated, authorized, sponsored, or controlled by Plaintiff.

29. Defendants' use in commerce of the AAA mark in connection with their goods and services constitutes a false designation of the origin and/or sponsorship of such goods and services and falsely describes and represents such goods and services.

30. By their acts as alleged herein, defendants have falsely designated and represented goods and services sold in commerce in violation of 15 U.S.C. section 1125(a) and have otherwise used the good will of Plaintiff to sell defendants' own goods and services and have otherwise competed unfairly with Plaintiff.

31. On information and belief, defendants are now committing the acts complained of above with full knowledge that their acts are unlawful.

32. Defendants have displayed a willful course of conduct toward appropriation and destruction of Plaintiff's rights in and to the AAA marks.

33. Defendants' wrongful acts and conduct as alleged herein have permitted or will permit them to generate substantial sales and profits on the strength of Plaintiff's substantial advertising, sales, consumer recognition, and good will in connection with the AAA marks.

34. As a result of defendants' wrongful acts alleged herein, Plaintiff has suffered and will continue to suffer monetary damage in an amount not thus far determined.

35. On information and belief, defendants' acts of unfair competition by false designation of origin in violation of the Lanham Act have caused financial injury and damages to Plaintiff and have been willful, making this an exceptional

case within the meaning of the Lanham Act, 15 U.S.C. section 1117, thereby entitling Plaintiff to damages, attorneys' fees, and costs.

36. Defendants' acts and conduct constitute unfair competition that has caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage, and injury to Plaintiff's good will and business reputation.

37. Plaintiff is entitled to damages as a result of defendants' actions and conduct and, because such damages alone do not provide Plaintiff with an adequate remedy at law, Plaintiff is entitled to injunctive relief.

## THIRD CLAIM FOR RELIEF

### (Trade Name or Service Mark Dilution – 15 U.S.C. § 1125(c)(1))

38. Plaintiff repeats and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 37 above, inclusive, as though fully set forth herein.

39. Plaintiff's AAA mark was used in commerce long before defendants' adoption and use of AAA mark in connection with their goods and services.

40. Plaintiff's AAA mark has become famous because of long, extensive, continuous, and exclusive use by Plaintiff in connection with emergency road services, such fame occurring long before defendants' adoption and use of the AAA mark in connection with their goods and services.

41. Defendants use the AAA mark in promoting their goods and services in the same trade areas and channels of trade in which Plaintiff's AAA service mark is recognized and famous.

42. On information and belief, defendants' use of the AAA mark has lessened the capacity of Plaintiff's famous AAA service mark to identify and distinguish Plaintiff's goods and services.

43. Defendants' acts and conduct as alleged herein have tarnished the reputation and recognition of Plaintiff's famous AAA service mark by the low

quality of defendants' goods and services.

44. On information and belief, defendants' acts of service mark dilution in violation of the Lanham Act have caused financial injury and damages to Plaintiff and have been willful, making this an exceptional case within the meaning of the Lanham Act, 15 U.S.C. section 1117, thereby entitling Plaintiff to damages, attorneys' fees, and costs.

45. Plaintiff has no adequate remedy at law and is being irreparably damaged by dilution of its famous mark, in violation of 15 U.S.C. section 1125(c). Therefore, Plaintiff is entitled to injunctive relief.

## FOURTH CLAIM FOR RELIEF

### (Injury to Business Reputation and Dilution – Cal. Bus. & Prof. Code § 14247)

46. Plaintiff repeats and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 45 above, inclusive, as though fully set forth herein.

47. Plaintiff is the owner of marks that are distinctive and famous in the State of California.

48. On information and belief, defendants have used and continue to use the famous AAA mark after the mark became famous, which use dilutes the distinctive quality of Plaintiff's mark.

49. On information and belief, defendants' actions described herein were taken and continue to be taken with full knowledge that such actions would and do dilute the AAA mark and with the intention to cause dilution of the mark.

50. As a result of the actions described herein, defendants have caused, and unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage, and injury to Plaintiff, including but not limited to injury to Plaintiff's good will and business reputation.

51. Plaintiff has no adequate remedy at law and is being irreparably

damaged by defendants' acts in violation of California Business & Professions Code section 14247.

## FIFTH CLAIM FOR RELIEF

### (Common Law Trade Name and Trademark Infringement, and Unfair Competition)

52. Plaintiff repeats and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 51 above, inclusive, as though fully set forth herein.

53. Defendants' actions and conduct as alleged herein constitute unfair competition under California common law.

54. Defendants' actions and conduct in adopting and using the AAA mark in California constitutes trademark infringement under California common law.

55. Defendants have caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage, and injury to Plaintiff, including but not limited to injury to Plaintiff's good will and business reputation.

56. Plaintiff has no adequate remedy at law, and Plaintiff is being irreparably damaged by defendants' acts in violation of California common law, entitling Plaintiff to injunctive relief.

57. Defendants' actions and conduct as alleged herein are malicious and fraudulent and entitle Plaintiff to punitive damages under Civil Code section 3294.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for an order and judgment against defendants, and each of them, as follows:

1. That defendants, and each of them, their officers, directors, partners, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through or under them, and any others within their control or supervision, and all others in active concert or participation with the above, be enjoined during the pendency of this action and permanently thereafter from using the AAA mark or

any other name or mark incorporating Plaintiff's service marks, either alone or in combination with other words or symbols, in the marketing, sales, distribution, promotion, advertising, identification, or in any other manner in connection with emergency road services and other related services at any locality in the United States.

2. That defendants, and each of them, their officers, directors, partners, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through or under them, and any others within their control or supervision, and all others in active concert or participation with the above, be enjoined during the pendency of this action and permanently thereafter from using the AAA mark or any other name or mark incorporating Plaintiff's service marks in any form or manner that would tend to identify or associate defendants' businesses or services with Plaintiff in the marketing, sale, distribution, promotion, advertising, identification, or in any other manner in connection with any business;

3. That defendants, and each of them, their officers, directors, partners, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through or under them, and any others within their control or supervision, and all others in active concert or participation with the above, be enjoined during the pendency of this action and permanently thereafter from representing to anyone (either orally or in writing) that their businesses are affiliated with Plaintiff in any way or are approved by AAA;

4. For an order requiring defendants to deliver to Plaintiff's attorney within thirty (30) days after the entry of any preliminary or permanent injunction, to be impounded or destroyed by Plaintiff, all literature, signs, labels, prints, packages, wrappers, containers, advertising materials, stationery, and any other items in their possession or control that contain the AAA mark or any other name or mark incorporating Plaintiff's service marks, either alone or in combination with other words and symbols;

5. For an order requiring defendants to remove from their business premises and vehicles within thirty (30) days after the entry of any preliminary or permanent injunction, all instances of the AAA mark, and to destroy all stencils, molds, plates, masters, or means of creating the infringing items;

6. For an order requiring defendants to instruct, within thirty (30) days after the entry of any preliminary or permanent injunction, any print directory, Internet directory, or website that they have caused to carry the AAA mark, to cease using such marks at the earliest possible date;

7. For an order requiring defendants to file with the Clerk of this Court and serve Plaintiff, within thirty (30) days after the entry of any preliminary or permanent injunction, a report in writing, under oath, setting forth in detail the manner and form in which defendants have complied with 1 through 6 above;

8. For an award of defendants' profits and Plaintiff's damages in an amount not yet ascertained but believed to exceed $500,000;

9. For an award of three times Plaintiff's damages or defendants' profits in view of the intentional and willful nature of defendants' acts, pursuant to 15 U.S.C. section 1117;

10. For an award of punitive damages according to proof;

11. For an award of reasonable attorneys' fees under 15 U.S.C. section 1117;

12. For an award of pre- and post-judgment interest at the highest rate allowed by law;

///

///

///

///

///

///

13. For an award of costs and disbursements incurred in this action; and

14. For such further relief as this Court shall deem just and proper.

Dated: September 8, 2016 RUTAN & TUCKER, LLP

By: */s/ Michael Adams*
Michael D. Adams
Attorneys for Plaintiff
AMERICAN AUTOMOBILE
ASSOCIATION, INC.

## JURY TRIAL DEMAND

Plaintiff American Automobile Association, Inc. hereby demands trial by jury.

Dated: September 8, 2016

RUTAN & TUCKER, LLP

By: */s/ Michael Adams*

Michael D. Adams
Attorneys for Plaintiff
AMERICAN AUTOMOBILE ASSOCIATION, INC.